IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH R. HARRISON, #160623, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-1251-MHT |
| | ) | |
| | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Kenneth R. Harrison ("Harrison"), a former state inmate, challenges the medical treatment provided to him for an atrial septal defect ("ASD"), congenital heart condition, during his incarceration in the Alabama prison system.  *Complaint - Doc. No. 1* at 3.[1]  Specifically, Harrison contends that after his appointment with a free-world cardiologist in April of 2014 the defendant acted with deliberate indifference to his heart condition.  Harrison names Corizon Medical Services as the sole defendant in this cause of action.  He seeks monetary damages for the alleged violation of his constitutional rights.  *Id*. at 4.

The defendant filed a special report and supporting evidentiary materials addressing Harrison's claims for relief.  In these documents, the defendant adamantly denies that it

---

[1]Harrison was released from state custody on February 1, 2015.

acted with deliberate indifference to Harrison's heart condition.  The defendant further asserts that the complaint is due to be dismissed because prior to filing this cause of action Harrison failed to properly exhaust an administrative remedy available to him during his incarceration in the Alabama prison system.  *Defendant's Special Report - Doc. No. 6* at 6-7.  The defendant bases its exhaustion defense on Harrison's failure to file a grievance in accordance with the grievance procedure provided by Corizon regarding the claims raised in the instant complaint.  *Id*. at 7.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). The court will therefore treat the defendant's report as a motion to dismiss.  *Bryant*, 530 F.3d at 1375; *Order of February 12, 2015 - Doc. No. 9* (advising Harrison that the defendant's report will be treated as a dispositive motion and explaining the manner in which to respond to such a motion).

## II.  STANDARD OF REVIEW

The Eleventh Circuit has determined that

the question of exhaustion under the PLRA [is] a "threshold matter" that

2

> [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

*Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376).

*Myles*, 476 F. App'x at 366. Consequently, a district court

> may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings [i.e., evidentiary materials submitted in support of the special report] to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376.

*Trias*, 587 F. App'x at 535.

Upon review of the undisputed facts of this case as evidenced by the evidentiary materials filed by the defendant, the court concludes that the defendant's motion to dismiss is due to be granted.

3

### III. DISCUSSION

Harrison challenges the constitutionality of medical treatment he received for a heart condition. In response to the complaint, the defendant denies Harrison's allegations and further argues that this case is subject to dismissal because Harrison failed to properly exhaust the available administrative remedy prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion

4

requirement requires ***proper exhaustion***."  *Woodford*, 548 U.S. at 93 (emphasis added).

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing a civil action in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

548 U.S. at 90-91, 93.   The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).   "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***."  *Smith v. Terry*, 491 F. App'x  81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

The record in this case is undisputed that the defendant provides a grievance procedure for inmate complaints related to the provision of medical treatment.  The defendant explains the procedure and relevant facts as follows:

5

. . .   The initial orientation process with the ADOC correctional system includes educating inmates as to the availability of the grievance process.  The existence of this grievance procedure is well-known among the prison population, as indicated by the fact that the medical staff at Ventress receives inmate requests and/or inmate grievances on a daily basis.  The physicians, nurse practitioners, nurses and other medical personnel at Staton [and other facilities] attempt to resolve all inmate concerns prior to an "inmate grievance" being submitted.

The grievance process is initiated when an inmate submits a Medical Grievance form to the HSA through the institutional mail system.  After reviewing the Medical Grievance, the HSA [or her designee] then provides a written response [to the grievance] within approximately ten (10) days of receipt of the Inmate Grievance.  The  written response to a Medical Grievance is included on the bottom portion of the same form containing an inmate's Medical Grievance.  Below the portion of the form designated for the "Response," the following notation appears:

> IF YOU WISH TO APPEAL THIS REVIEW YOU MAY REQUEST A GRIEVANCE APPEAL FORM FROM THE HEALTH SERVICES ADMINISTRATOR.  RETURN THE COMPLETED FORM TO THE ATTENTION OF THE HEALTH SERVICE ADMINISTRATOR. YOU MAY PLACE THE FORM IN THE SICK CALL REQUEST BOX OR GIVE IT TO THE SEGREGATION SICK CALL NURSE ON ROUNDS.

As stated in the Medical Grievance forms, the second step of the grievance process involves the submission of a formal Medical Grievance Appeal, at which time the inmate may be brought in for one-on-one communication with the medical staff, HSA and/or the Director of Nursing.  A written response to a formal Medical Grievance Appeal is provided within approximately ten (10) days of receipt.  Medical Grievance and Medical Grievance Appeal forms are available from the Health Care Unit and the correctional shift commander office at [each facility].  Inmates are instructed to place completed Medical Grievance and Medical Grievance Appeal forms in the sick call boxes located [in the facility].  The HSA reviews the grievances daily, provides a written response within approximately ten (10) days at the bottom of the form and returns a copy of the completed forms to the inmate.  The HSA encourages inmates who have complaints about the medical care

they have sought or received at [the facility] to utilize this grievance process.
Mr. Harrison did not submit any Medical Grievances or Medical Grievance
Appeal [regarding the treatment provided for his heart condition] during the
course of his incarceration at Staton.

*Defendant's Exhibit 1 (Aff. of Darryl Ellis, Director of Nursing for Staton) - Doc. No. 6-1*

at 5-6; *Defendant's Exhibit 6 (Aff. of Loris Baugh, Health Services Administrator at Kilby)*

*- Doc. No. 6-6* at 2 ("The grievance process at [the relevant correctional facilities] is

identical and I am the individual typically responsible for overseeing and responding to

grievances at Kilby.  **During his incarceration at Kilby, Mr. Harrison did not submit**

**any grievance of any kind**.").

        Upon review of the arguments set forth by the defendant, the court entered an order

which provided Harrison an opportunity to file a response to these arguments in which he

was advised to "specifically address the defendant's assertion[] that . . . [h]is claims are due

to be dismissed because he failed to exhaust his available administrative remedies as

required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ('PLRA')" prior to

filing this federal civil action.  *Order of February 12, 2015 - Doc. No. 9* at 1.  The time

allowed Harrison to file his response expired on February 26, 2015.  *Id*. at 2.  As of the

present date, Harrison has filed no response to this order.

        The evidentiary materials filed by the defendant demonstrate that Harrison failed to

file the requisite grievance prior to initiation of this federal civil action.  Harrison does not

dispute his failure to exhaust the administrative remedy available to him in the prison

system prior to filing this case.  In addition, there is nothing before the court which justifies Harrison's failure to exhaust the grievance procedure provided by Corizon.  It is likewise clear that the administrative remedy provided by the defendant is no longer available to Harrison due to his release from prison.   Under these circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).  Consequently, the court concludes that this case is subject to dismissal with prejudice as Harrison failed to properly exhaust an administrative remedy available to him during his prior term of incarceration which is a precondition to proceeding in this court on his complaint.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion to dismiss be GRANTED to the extent the defendant seeks dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him in the state prison system prior to initiating this

cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him.

3. No costs be taxed herein.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 19, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of May, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE